UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., et al.,

Plaintiff,

v.

RICHARD SALA, et al.,

Defendants.

Case No. C25-2364-LK

ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE ON DEFENDANT RICHARD SALA

## INTRODUCTION

Plaintiffs Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon"), and The Gillette Company LLC ("Gillette" and, together with Amazon, "Plaintiffs") filed an *Ex Parte* Motion for Alternative Service on Defendant Richard Sala. Dkt. 36. Plaintiffs seek an order authorizing completion of service of process on Defendant Sala via mail to his place of residence and last known business address, and via email to the email addresses he used in connection with allegedly supplying counterfeit products to other Defendants and for operating certain Defendants' Amazon "Selling Accounts." Now, having considered the motion, all documents filed in support, and the balance of the record, the Court herein GRANTS Plaintiffs' motion for the reasons set forth below.

/ / /

BACKGROUND

This matter involves allegations of trademark infringement and false designation of origin under the Lanham Act, violations of the Washington Consumer Protection Act, and breach of contract associated with the sale of counterfeit products in the Amazon.com store ("Amazon Store"). Dkt. 26. Plaintiffs allege Defendants sold counterfeit products through various Selling Accounts, that Defendant Sala supplied the counterfeit products to other Defendants for resale in the Amazon Store, and that certain Defendants also engaged Sala to operate their Selling Accounts, through which Sala advertised, marketed, offered, and sold the counterfeit products. *See id.*; Dkt. 38, ¶2-3.

Plaintiffs discovered Sala's connection to the Selling Accounts through invoices showing counterfeit products had been purchased from companies Sala owned and controlled, and from information provided by other Defendants identifying Sala as the source of the counterfeit products and confirming his involvement in the sale of those products through the Selling Accounts. Dkt. 38, ¶3. Plaintiffs connected Sala to the address 8770 SW 147th Ter, Unit 104, Beaverton, OR 97007 (the "Beaverton Address") through public and private records showing that he owns and occupies the condominium unit located there. *Id.*, ¶4. Plaintiffs' process server unsuccessfully attempted service on Sala at the Beaverton Address at least nine times in May and June 2026, at different times of the day, and, on the final attempt, an elderly woman answered the door and stated Sala did not live there and that she had never heard of him. *See id.* Plaintiffs connected Sala to the address 7591 SW Vlahos Dr., Wilsonville, OR 97070 (the "Wilsonville Address") through public corporate records listing that address for a company connected to Sala and from information from other Defendants who identified the address as Sala's parents' house. *Id.*, ¶5. Plaintiffs' process server unsuccessfully attempted service at the Wilsonville Address at

least five times in May and June 2026, at different times of day, and, on the final attempt, a woman ran back into the house to avoid the process server and refused to open the door when the process server knocked. *See id*. Plaintiffs also attempted to serve Sala by certified mail with return receipt at both the Beaverton Address and Wilsonville Address, pursuant to Or. R. Civ. P. 7(D)(2)(d), but the mailings were returned by the United States Postal Service, with the notation that there was "no authorized recipient available" at either address. *See id*., ¶6.

Plaintiffs' investigation also revealed several email addresses Sala used to communicate with other Defendants, including rickysala63@gmail.com and rrsala@icloud.com, as well as an additional address, rickysala9900@gmail.com (hereinafter collectively referred to as the "Sala Email Addresses"), that he used to make purchases from the Amazon Store. Dkt. 37, ¶4; Dkt. 38, ¶8. On June 24, 2026, Plaintiffs directed test emails to the Sala Email addresses, apprising Sala of the lawsuit and containing courtesy copies of the Amended Complaint, civil cover sheet, and summons, and did not receive any error notices, bounce-back messages, or other indications that the emails failed to deliver. Dkt. 38, ¶9.

Plaintiffs now seek an order from the Court granting leave to serve by alternative means. Specifically, they seek leave to serve Sala via mail to both the Beaverton Address and Wilsonville Address, and via the Sala Email Addresses. As related to the request for alternative service via email, Plaintiffs note that one of the email addresses was used to communicate with other Defendants as recently as December 2025, and that another was used as recently as February 2026 to make purchases from the Amazon Store and used the Beaverton address as a shipping address. Dkt. 38, ¶8. They assert that the email addresses remain functional given that they did not receive error notices or bounce back messages after recently sending test emails to those addresses. *See id.*, ¶9. Plaintiffs assert that they believe Sala is located in Oregon, but that

they have not been able to serve him despite diligent efforts and that they believe he may be evading service. *See id.*, ¶7. They seek to serve Sala via email using RPost (www.rpost.com), an online service for service of process, and via first-class mail and certified mail with return receipt requested to the Beaverton Address and Wilsonville Address. *See id.*, ¶10.

## DISCUSSION

Federal Rule of Civil Procedure 4 governs service of process. As related to the current motion, Rule 4 provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). In addition, "a method of service of process must also comport with constitutional notions of due process." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

Plaintiffs identify Oregon as the place of Sala's residence and last known business address. Under Oregon law, "[w]hen it appears that service is not possible under any method otherwise specified", such as personal service, substituted service, or service by mail, a plaintiff may submit "a motion supported by affidavit or declaration . . . to allow alternative service by any method or combination of methods that, under the circumstances, is most reasonably calculated to apprise the defendant of the existence and pendency of the action." Or. R. Civ. P. 7(D)(6). Such alternative service may occur via mail, *see id.*, and/or by email, Or. R. Civ. P. 7(D)(6)(b).

For service by mail, "[i]f the court orders alternative service and the plaintiff knows or with reasonable diligence can ascertain the defendant's current address, the plaintiff must mail true copies of the summons and the complaint to the defendant at that address by first class mail

and any of the following: certified, registered, or express mail, return receipt requested." Or. R. Civ. P. 7(D)(6). "If the plaintiff does not know, and with reasonable diligence cannot ascertain, the current address of any defendant, the plaintiff must mail true copies of the summons and the complaint by the methods specified above to the defendant at the defendant's last known address." *Id.* For electronic service by email, the affidavit or declaration accompanying the motion must include:

> verification that diligent inquiry revealed that the defendant's residence address, mailing address, and place of employment are unlikely to accomplish service; the reason that plaintiff believes the defendant has recently sent and received transmissions from the specific e-mail address . . . the plaintiff asks to use; and facts that indicate the intended recipient is likely to personally receive the electronic transmission.

Or. R. Civ. P. 7(D)(6)(b). If the court allows alternative service by email, the content and format of such method of service is set forth in Or. R. Civ. P. 7(D)(6)(b)(i)-(ii).

To satisfy the due process requirement, "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Props., Inc.*, 284 F.3d at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). The Ninth Circuit has found service by email to comport with due process where a defendant has made email its preferred means of contact. *See id*. at 1018. A request for alternative service may also include consideration of whether a defendant is attempting to evade service. *See id.* at 1016.

This Court has concluded that the due process requirement for alternative service by email is satisfied "when the plaintiff demonstrates that the email addresses at issue are valid and are successfully receiving messages." *Amazon.com Inc. v. KexleWaterFilters*, C22-1120-JLR,

2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023). The Court has, for example, authorized service by email where plaintiffs identified email addresses defendants used for Amazon Selling Accounts and verified the addresses remained active, finding sufficient indicia that the defendants were likely to receive notice if served by email and due process concerns satisfied. *See, e.g.*, *Amazon.com, Inc. v. Liu*, C23-1375-RSL-SKV, 2024 WL 2959527, at *3-4 (W.D. Wash. June 12, 2024); *Amazon.com, Inc. v. Pengyu Bldg. Materials*, No. C21-0358-JNW-SKV, 2023 WL 4131609, at *3-4 (W.D. Wash. June 22, 2023); *Amazon.com Inc. v. Bamb Awns*, No. C22-402-MLP, 2023 WL 2837076, at *3 (W.D. Wash. Apr. 7, 2023).

Plaintiffs here show that, through a diligent inquiry, they ascertained Sala's residence address (the Beaverton address) and last known business address (the Wilsonville Address). *See* Dkt. 38, ¶¶4-5. They show that, despite diligent efforts including fourteen total attempts by process server and attempted service by certified mail, they have been unable to serve Sala by personal service, substituted service, or certified mail at either address. *See id.*, ¶¶4-6. Plaintiffs also show that they identified three email addresses connected to Sala, that Sala used one of those email addresses (rickysala63@gmail.com) to communicate with other Defendants as recently as December 2025 and used another email address (rickysala9900@gmail.com) to access Amazon and make purchases as recently as February 2026. *Id.*, ¶8. They show that recent test emails sent to all three email addresses reflect that the addresses remain functional, as demonstrated by test emails sent successfully and with no indication of a failure to deliver. *Id.*, ¶9. Plaintiffs assert their belief that Sala is located in Oregon, but may be evading service, and that service via a combination of email and mail is the best means of effecting service on Sala. *See id.*, ¶7.

The Court finds that service on Sala via (1) first class mail and certified mail with return receipt requested to the Beaverton Address and to the Wilsonville Address, and (2) email to the Sala Email Addresses comports with Oregon law and satisfies the requirements of Federal Rule of Civil Procedure 4. *See, e.g., Walker for K.B. v. Portland Pub. Sch. Dist. No. 1J*, No. C21-1349, 2023 WL 2898927, at *3-4 (D. Or. Mar. 15, 2023) (finding service via mail and email, among other methods, sufficient under Oregon law for a defendant attempting to evade service). The Court further finds that such service is reasonably calculated to apprise Sala of this action and provide an opportunity to respond, and thus satisfies concerns of due process. The Court directs that, in effectuating service, Plaintiffs shall comply with all requirements for such service under Oregon law. *See* Or. R. Civ. P. 7(D)(6).

## CONCLUSION

The Court, for the reasons stated above, GRANTS Plaintiffs' *Ex Parte* Motion for Alternative Service on Defendant Richard Sala. Dkt. 36. Plaintiffs are authorized to serve Defendant Sala via first class mail and certified mail with return receipt requested at the Beaverton Address (8770 SW 147th Ter, Unit 104, Beaverton, OR 97007), and Wilsonville Address (7591 SW Vlahos Dr., Wilsonville, OR 97070), and via the following email addresses: (a) rickysala63@gmail.com; (b) rrsala@icloud.com; and (c) rickysala9900@gmail.com. Plaintiffs are ORDERED to comply with all requirements for service by mail and email under Oregon law, *see* Or. R. Civ. P. 7(D)(6), and to complete service and file proof of service by

/ / /

/ / /

/ / /

/ / /

**September 9, 2026**.

Dated this 19th day of August, 2026.

S. KATE VAUGHAN
United States Magistrate Judge